UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEQUOIA EQUIPMENT CO., INC.,

Plaintiff,

v.

CNH INDUSTRIAL AMERICA, LLC,

Defendant.

Case No. 1:25-cv-00876-JLT-FJS

ORDER FOR JOINT STATUS REPORT ON POTENTIAL SUPPLEMENTAL BRIEFING

(ECF No. 13)

TWO-DAY DEADLINE: SEPTEMBER 11, 2026, BEFORE 3:00 PM

On November 13, 2025, Plaintiff Sequoia Equipment Co., Inc., moved for leave to file a second amended complaint. (ECF No. 13.) Defendant CNH Industrial America, LLC, opposes that motion. (ECF No. 14.) The parties briefed their respective positions on the motion focusing on Rule 15(a) of the Federal Rules of Civil Procedure. (ECF No. 13 at 4; ECF No. 14 at 7.) The proposed amendment would add a non-diverse party to the lawsuit. (ECF No. 13-2 at 17 ¶ 3.) If granted, the motion would mean the court lacks subject matter jurisdiction over the matter. (*See* ECF No. 1 at 2 ¶ 3.)

"[T]he proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 n.2 (C.D. Cal. 2002) (citing, *inter alia*, *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998), and *Yniques v. Cabral*, 985 F.2d 1031, 1035 (9th Cir. 1993)). Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. 1447(e). A court should consider the following factors when weighing whether to permit joinder under section 1447(e):

> (1) whether the new defendant is required for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would bar an action against the new defendant in state court; (3) whether there has been an unexplained delay, or the joinder request is untimely; (4) whether the plaintiff intends joinder solely to defeat diversity jurisdiction; (5) whether the claims against the prospective defendant appear valid; and (6) whether the plaintiff will be prejudiced by denial of joinder.

*IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011. Any of the factors might prove decisive, although none is a required condition for joinder. *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 921 (N.D. Cal. 2015).

Rule 15 and 28 U.S.C. § 1447(e) factors overlap and require a similar analysis. While Rule 15(a) should be applied with "extreme liberality," leave to amend should not be granted where amendment would: (1) prejudice the opposing party; (2) results from the movant's repeated failure to cure deficiencies; (3) creates undue delay; (4) is futile; (5) or done in bad faith. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). These Rule 15(a) factors are non-exhaustive, but not equal in weight. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice to the opposing party carries the greatest weight," and the burden of showing prejudice remains on the party opposing the amendment. *Id*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987).

The court believes it can take the Rule 15(a) arguments the parties submitted and craft an order under the section 1447(e) factors. That said, the court wants to afford the parties an opportunity to submit supplemental briefing, if they choose to do so. Consequently, the court orders the parties to submit a joint status report by September 11, 2026, before 4:00 PM, indicating whether the parties wish to file supplemental briefing and, if so, proposing a schedule for that briefing.

IT IS SO ORDERED.

Dated: **September 9, 2026**

UNITED STATES MAGISTRATE JUDGE