UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEQUOIA EQUIPMENT CO., INC.,

Plaintiff,

v.

CNH INDUSTRIAL AMERICA, LLC,

Defendant.

Case No. 1:25-cv-00876-JLT-FJS

FINDING AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT BE GRANTED AND THE CASE REMANDED

(ECF No. 13)

FOURTEEN (14) DAY DEADLINE

Plaintiff Sequoia Equipment Co., Inc. ("Sequoia") moves for leave to file a second amended complaint and seeks to join an additional defendant. (ECF Nos. 13, 30.) Defendant CNH Industrial America, LLC ("CNH") opposes this motion. (ECF Nos. 14, 32.) The court, having considered the parties' papers and the record in this case and for the reasons stated below, RECOMMENDS (1) that the motion be granted, and (2) that the case be remanded upon filing of the second amended complaint.

I. PROCEDURAL BACKGROUND

A. Early Procedural History

This action was filed on June 3, 2025, and was removed from Fresno County Superior Court on July 16, 2025, based on diversity jurisdiction. (ECF No. 1.) The court granted the parties'

stipulation for Sequoia to file a first amended complaint. (ECF Nos. 5, 6, 7.) That first amended complaint sought damages and injunctive relief under the California Business and Professions Code sections 22902 and 17200 and for intentional and negligent interference with prospective economic advantage. (ECF No. 7.) These causes of action were based on allegations that CNH unlawfully amended a construction equipment sales and service agreement between the parties by reducing Sequoia's allotted sales and service market by fifty percent for the benefit of another company, N & S Tractor Co., Inc. ("N&S"). (ECF No. 7 ¶ 5-18.) Sequoia's first amended complaint states that N&S had "foreknowledge" of CNH's amendment to the construction equipment sales and service agreement. (ECF No. 7 ¶ 18.) Sequoia knew about N&S' conduct before Plaintiff filed this action as the initial complaint makes allegations that, "[d]espite requests, [CNH] has failed and refused, and continues to fail and refuse to restrain N&S from selling and servicing [CNH's] light and heavy products outside of N&S' assigned Case CE SSM." (ECF No. 1-1 ¶ 20.)

On August 29, 2025, CNH filed a motion to dismiss Plaintiff's entire operative complaint, or in the alternative, to strike or dismiss Sequoia's prayer for punitive damages. (ECF No. 8.)

B. <u>The Motion to Amend</u>

On November 13, 2025, Sequoia filed a motion for leave to file a second amended complaint that would add N&S as a defendant and would assert claims of (1) conspiracy to violate the Business and Professions Code section 22902, (2) unfair business practices under Business and Professions Code section 17200, and (3) intentional interference with prospective economic advantage. (ECF No. 13.) Two of these claims—unfair business practices and interference with prospective economic advantage—track claims asserted against CNH. Conspiracy is a new claim that Plaintiff asserts anew against N&S and CNH. Notably, adding N&S as a defendant would destroy diversity jurisdiction because both Sequoia and N&S are California corporations.

On September 11, 2026, the court ordered supplemental briefing regarding the 28 U.S.C. § 1447(e) factors because it is the proper standard for determining whether to allow post-removal joinder of a diversity-destroying defendant. (ECF No. 29.) In response, the parties provided the court with their supplemental briefing under this standard. (ECF Nos. 30, 32.)

In support of this amendment, Sequoia states that N&S is a necessary party because "N&S has continued to solicit Plaintiff's customers." (ECF No. 13-1 at 2; *see* ECF No. 13-2 ¶ 4.) Sequoia also states that they "previously requested that [CNH] instruct N&S to confine its selling and servicing of [CNH's] light and heavy products to just is newly-assigned [sales and service market]," but CNH refused. (ECF No. 13-1 at 2; *see* ECF No. 13-2 ¶ 2.) Sequoia argues that joinder is required for just adjudication because if Plaintiff's motion is denied, Plaintiff will be forced to file a separate lawsuit against N&S out of the same facts and circumstances arising here and this may risk inconsistent results and waste judicial resources. (ECF No. 30 at 4-5.)

CNH argues that there was undue delay in bringing this motion because Sequoia was aware of all the facts alleged in the proposed second amended complaint since the initial action was filed, that these amendments are futile, and that Sequoia brings this motion in bad faith to destroy diversity jurisdiction and to frustrate CNH's motion to dismiss. (ECF No. 14 at 8-10.) Additionally, CNH counters that N&S is not a necessary party to this action because Sequoia has been aware of N&S since filing its original complaint yet omitted N&S as a defendant. (ECF No. 32 at 3.) CNH also argues that Sequoia's claims can be fully adjudicated without N&S and thus there is no basis for deeming N&S a necessary party. (ECF No. 32 at 5.)

## II. LEGAL STANDARD

"[T]he proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. 1447(e)." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 n.2 (C.D. Cal. 2002) (citing, *inter alia*, *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998), and *Yniques v. Cabral* 985 F.2d 1031, 1035 (9th Cir. 1993));[1] *see also Hardin*, 813 F. Supp. 2d at 1173 ("Plaintiffs may not circumvent 28 U.S.C. § 1447(e) by relying on Fed. R. Civ. P. 15(a) to join non-diverse parties."). Courts in this district generally apply 28 U.S.C. § 1447(e). *See Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011);

---

[1] The parties' briefed Sequoia's motion to amend under Rule 15(a) of the Federal Rules of Civil Procedure. The court advised the parties of the applicability of 28 U.S.C. § 1447(e) and afforded the parties an opportunity to file supplemental briefs. (ECF No. 27.) Plaintiff opted to provide the court with supplemental briefing. (ECF No. 28.) As a result, the court ordered supplemental briefing for both parties. (ECF No. 29.)

*Magana v. Archer Daniels Midland Co.*, No. 20-CV-00578, 2021 WL 2349877, at *5 (E.D. Cal. June 9, 2021); *Gutierrez v. Helena Agri-Enters., LLC*, No. 1:23-CV-01369, 2024 WL 749684, at *2 (E.D. Cal. Feb. 23, 2024). Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. 1447(e).

Section 1447(e) is "couched in permissive terms" and "clearly gives" district courts discretion in deciding whether to permit or deny joinder of a non-diverse defendant. *Newcombe*, 157 F.3d at 691; *see also IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) ("Under 1447, whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the court."). A court should consider the following factors when weighing whether to permit joinder under section 1447(e):

> (1) whether the new defendant is required for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would bar an action against the new defendant in state court; (3) whether there has been an unexplained delay, or the joinder request is untimely; (4) whether the plaintiff intends joinder solely to defeat diversity jurisdiction; (5) whether the claims against the prospective defendant appear valid; and (6) whether the plaintiff will be prejudiced by denial of joinder.

*IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011. Any of the factors might prove decisive, and none is a required condition for joinder. *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 921 (N.D. Cal. 2015).

## III. DISCUSSION

The court evaluates each of the section 1447(e) factors identified above.

### A. Rule 19(a) Joinder

Rule 19 of the Federal Rules of Civil Procedure requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a). A necessary party is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights

involved in it." *CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir.1991) (quoting *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139, 15 L.Ed. 158 (1854)). This standard is generally met "when failure to join will lead to separate and redundant actions," but not when the defendants whose joinder is sought "are only tangentially related to the cause of action or would not prevent complete relief." *Boon*, 229 F. Supp. 2d at 1022. Although courts consider whether a party would meet Rule 19's standard for a necessary party, "amendment under § 1447(e) is a less restrictive standard than for joinder under Rule 19." *Khachunts v. Gen. Ins. Co. of Am.*, 682 F. Supp. 3d 827, 833 (C.D. Cal. 2023).

Here, there is significant overlap in facts, evidence, and witnesses. Plaintiff seeks to bring an additional cause of action against N&S and Defendant for civil conspiracy based on violation of the California Business and Professions Code section 22902. Plaintiff also seeks to add N&S to its existing claims of unfair business practices and intentional interference with economic advantage. The facts involving Defendant and N&S are so interwoven that N&S was identified in the initial complaint filed on June 3, 2025, as a non-party and N&S' actions were discussed or mentioned in at least twelve paragraphs of the complaint. (*See* ECF No. 1-1.) It would be a waste of judicial resources and potentially result in inconsistent results if Plaintiff were forced to litigate these same issues in two separate lawsuits. N&S is more than tangentially related to Defendant's claims based on the allegations alleged in the initial complaint regarding N&S. This factor favors joinder and amendment.

B. <u>Statute of Limitations</u>

Under this factor, the court considers "whether the statute of limitations would prevent the filing of a new action against the new defendants should the Court deny joinder." *Khachunts*, 682 F. Supp. 3d at 834.

Plaintiff seeks to bring an additional cause of action against N&S and CNH for civil conspiracy based on violations of section 22902 of the California Business and Professions Code. Plaintiff also seeks to add N&S to its existing claims of unfair business practices under section 17200 of the California Business and Professions Code and intentional interference with economic advantage. Neither party discusses the statute of limitations.

Assuming the truth of the factual assertions in the proposed amended complaint, Plaintiff would appear able to file a separate action in state court against Defendant. The statute of limitations for interference with prospective economic relations is two years. Code Civ. Proc., § 339, subd. 1; *see Augusta v. United Service Automobile Assn.*, 13 Cal. App. 4th 4, 10 (Ct. App. 1993). The statute of limitations for civil conspiracy "is determined by the nature of the action in which the conspiracy is alleged." *McFaddin v. H. S. Crocker Co.*, 219 Cal. App. 2d 585, 591 (Ct. App. 1963) (citation modified). Business and Professions Code section 22900 *et seq.* does not provide a statute of limitations. *See* Cal. Bus. & Prof. Code § 22925). Thus, the four-year statute of limitations for an action upon any contract pursuant to California Code of Civil Procedure section 337 appears to apply. There is a four-year statute of limitations for violation of Business and Professions Code section 17200. *Blanks v. Seyfarth Shaw LLP*, 171 Cal. App. 4th 336, 364 (Ct. App. 2009). Because Plaintiff's allegations are based on events that occurred in or about late 2024 or early 2025, (ECF No. 1-1 ¶ 7), the court cannot now conclude that the statute of limitations prevents Sequoia from filing a new action against N&S.[2] This factor tips against allowing amendment under 28 U.S.C. § 1447(e).

C. Unexplained Delay/Untimely Joinder

"While there is no bright line rule as to what qualifies as timely, courts consider the amount of time that has lapsed since removal, the progress of the case, and how much time has passed since opposing counsel refused to stipulate to any proposed amendment." *Khachunts*, 682 F. Supp. 3d at 834.

The court finds that there has not been unexplained delay in this instance. Although N&S' involvement in this action was known at the initial filing on June 3, 2025, Plaintiff believed that CNH and N&S would cease and desist the objectional conduct alleged in their complaint, and Sequoia attempted to communicate with Defendant regarding this. (ECF No. 13-2 ¶¶ 2-4.) Sequoia previously amended its complaint once. (ECF No. 7.) Approximately four months lapsed before Plaintiff sought to stipulate to a second amended complaint on October 29, 2025, and this motion

[2] This analysis is not intended to foreclose or prejudice any statute of limitations defense a party may choose to raise in the future.

was filed on November 13, 2025, just one day after it was apparent that Sequoia's attempt to stipulate were unsuccessful. (ECF No. 13-2 ¶¶ 7-8.) Four months is not sufficient to show undue delay where no scheduling order has been entered, no trial scheduled, and no amendment deadline set. This factor weighs in favor of granting joinder and leave to amend.

D. Validity of Claims

Under section 1447(e), the court need only determine whether the claim "seems valid." *Hardin*, 813 F. Supp. 2d. at 1174; *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012–13. This is a more relaxed standard than the standard in either a motion to dismiss or a motion for summary judgment. *See Plasse v. Ford*, No. 2:17-cv-01136, 2017 WL 6033075, at *5 (E.D. Cal. Dec. 6, 2017).

As discussed above, there is no contention that the statute of limitations has lapsed on any of the proposed amended claims. N&S is added as a defendant to the preexisting claims for unlawful business practices under the Business and Professions Code and for intentional interference with prospective advantage. The court only considers whether these claims are valid as pled against N&S and not the prior claims against CNH that are not in question under this proposed amendment.[3]

1. Unlawful business practices

Unlawful business practices under the Business and Professions Code section 17200 requires there be "'any unlawful, unfair or fraudulent business act or practice." *Capito v. San Jose Healthcare Sys.*, LP, 17 Cal. 5th 273, 283 (2024). This embraces "'anything that can properly be called a business practice and that at the same time is forbidden by law" or even "a practice may be deemed unfair even if not specifically proscribed by some other law." *Id.* "Unfair" has not been defined. *Id.* Sequoia's proposed amendment states that N&S "actively solicited [Sequoia's] customers, offering them pricing and services below the prices and/or margins of [Sequoia] as well as actually selling products and services – confidential and proprietary business information

[3] The court's discussion of the validity of the proposed claims is not intended to prejudge the outcome of CNH's pending or future motions to dismiss. This test is a more relaxed standard than a motion to dismiss or motion for summary judgment. *See Freeman v. Cardinal Health Pharmacy Servs., LLC*, No. 14-cv-01994, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015).

known to N&S only through its efforts to acquire [Sequoia] and protected by a Nondisclosure Agreement." (ECF No. 13-2 at ¶ 44.) CNH argues that Sequoia's "SSM was non-exclusive" and thus any "conclusory allegation that N&S engaged in any unfair or wrongful conduct by selling to its customers does not hold water." (ECF No. 14 at 14.) CNH's objections appear to be based on disputed facts, not the elements of this cause of action. The focus here should be whether the elements of the claims are properly alleged. *See Magana*, 2021 WL 2349877, at *7; *Plasse*, 2017 WL 6033075, at *5. Because Sequoia articulated a "seemingly" valid claim against N&S, this factor weighs in favor of granting the motion.

2. <u>Intentional interference with prospective advantage</u>

Intentional interference with prospective advantage requires that "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship"; "(4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Golden Eagle Land Inv., L.P. v. Rancho Santa Fe Assn.*, 19 Cal. App. 5th 399, 429-30 (Ct. App. 2018). This seemingly appears to be a valid claim for section 1447(e) purposes because Sequoia makes allegations that it had an economic relationship with multiple third parties, that N&S was aware of these relationships, that N&S and CNH disrupted these relationships by means of unlawfully amending or conspiring to amend the subject agreement in violation of Business and Professions Codes sections 17200 and 22902, that N&S and CNH's conduct caused a reduction in purchases by these third parties, and Sequoia suffered injury to its business accordingly. (ECF No. 13-2 at 24.) Once again, CNH's objections focus on disputed facts, i.e., that the amendment to the subject agreement was not a violation of sections 17200 or 22902, not whether the claim alleged facts that seemingly satisfy the elements to satisfy the cause of action under California law. *See Magana*, 2021 WL 2349877, at *7. Because Sequoia has articulated a seemingly valid claim against N&S, this factor weighs in favor of granting the motion.

3. <u>Civil conspiracy</u>

There was a preexisting claim for violation of Business and Professions Code section

22902(b) and the claim for civil conspiracy that is proposed is based on that same violation. CNH's objections to conspiracy are based on disputed facts (i.e., whether there has been an amendment to the subject agreement). (ECF No. 14 at 11.) As the allegations state that N&S and CNH conspired to violate Business and Professions Code section 22902 and caused damage, this claim seems valid. *See Mosier v. S. Cal. Physicians Ins. Exch.*, 63 Cal. App. 4th 1022, 1048 (Ct. App.1998) ("The elements of a civil conspiracy are (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting.") (citation modified). As the claim for violations of Business and Professions Code section 22902 was a preexisting claim asserted against CNH (see ECF 13-2 at 20), the court does not find it necessary to conduct an extensive review of the underlying claim to civil conspiracy. Because Sequoia has articulated a seemingly valid claim of civil conspiracy against N&S, this factor weighs in favor of granting the motion.

Any further discussion of these claims is not necessary at this early stage as CNH and N&S can challenge the amended complaint under Rule 12 or Rule 56. Overall, this factor weighs in favor of joinder and amendment.

E. Intent to Defeat Diversity Jurisdiction

Though Plaintiff's motive is relevant, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012; *see also Trotman v. United Parcel Serv.*, No. C-96-1168, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996) ("The legislative history to 1447(e) also suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion."). The district court should "decline[ ] to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012.

There is no evidence that Sequoia files this amendment for the sole purpose of defeating diversity jurisdiction or to thwart CNH's pending motion to dismiss. Because there are numerous facts involving CNH and N&S, N&S was named in the initial complaint as a non-party, and N&S'

actions are discussed or mentioned in at least twelve paragraphs of the initial complaint, N&S does not appear to be a sham defendant intended only to frustrate diversity jurisdiction. (*See* ECF No. 1-1.) The authorities cited in the preceding paragraph instruct that pointing solely to the diversity-destroying impact of a proposed section 1447(e) amendment as evidence of intent to defeat diversity is insufficient to persuade this court absent other evidence. The non-moving party bears the burden of establishing intent to destroy diversity jurisdiction beyond the diversity-destroying impact. *See Sagrero v. Bergen Shippers Corp.*, No. 22-cv-04535, 2022 WL 4397527, at *3 (C.D. Cal. Sept. 23, 2022) (rejecting assertion that proposed diversity-destroying defendants were shams and holding that "[t]he removing party must prove there is no possibility that the plaintiff could prevail on any cause of action it asserted against the non-diverse defendant.") (quotations and citations omitted). The court does not find CNH's argument that Sequoia's awareness of N&S at the filing of the initial complaint shows an intent to destroy diversity jurisdiction persuasive. Thus, this factor also favors joinder and amendment.

F. <u>Prejudice</u>

CNH's motion to dismiss is pending and no responsive pleading has been filed in this action. (*See* ECF No. 8.) Given that no scheduling order has been entered in this action, no trial scheduled, and no amendment deadline set, the court finds that there is little risk of prejudice to CNH. *See Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (there was little risk of prejudice to the defendant where there was a pending motion to dismiss and no responsive pleading). Nothing prevents CNH from moving to dismiss the second amended complaint, and "while preparing a motion to dismiss involves some expense, it is not so burdensome as to preclude a fulsome review of the new complaint." *Malaney v. UAL Corp.*, No. C 10-02858, 2011 WL 13153253, at *2 (N.D. Cal. Oct. 24, 2011). In contrast, there is prejudice to Sequoia because Sequoia would be forced to either forego its claims against N&S or be forced to litigate a separate action in state court with completely overlapping facts and witnesses. Thus, this factor favors granting Sequoia leave to amend.

After weighing and balancing the individual outcomes of these six *IBC Aviation* factors, this court finds that it is appropriate to grant Sequoia leave to amend.

IV. <u>FINDINGS AND RECOMMENDATIONS</u>

Based upon the foregoing, the undersigned recommends Sequoia's motion to file a second amended complaint (ECF No. 13) be GRANTED and that the following be ORDERED:

1. <u>Within seven (7) days from the date of the adoption of these findings and recommendations</u>, Sequoia shall file its proposed second amended complaint;

2. Upon filing of Plaintiff's second amended complaint, this case will be remanded back to Fresno County Superior Court pursuant to 28 U.S.C. §§ 1447(c) and 1447(e) because this court lacks jurisdiction.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). <u>Within fourteen (14) days after being served with a copy of these findings and recommendations</u>, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **October 14, 2026**

UNITED STATES MAGISTRATE JUDGE